UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEBORAH K. HANCHER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:20-cv-02582 |
| USI SOLUTIONS, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes DEBORAH K. HANCHER ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of USI SOLUTIONS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

1

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing in Rockwall County, Texas, which is located within the Northern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant promotes itself as "a creditor's rights firm that specializes in debt collection."[1] Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business located at 408 Mill St., Bristol, Pennsylvania 19007. Defendant regularly collects from consumers in the State of Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action stems from Defendant's attempts to collect upon a personal consumer debt ("subject debt") that Plaintiff purportedly owes.

10. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

11. Around the summer of 2020, Defendant began its collection campaign by telephonically contacting Plaintiff.

12. Upon speaking with Plaintiff, Defendant falsely stated that it was not a debt collector despite that fact that it was contacting Plaintiff to collect the subject debt.

---

[1] http://unitrustsolutionsinc.com/

2

13. Defendant then proceeded to mock and berate Plaintiff when it attempted to collect upon the subject debt.

14. Plaintiff was taken aback by Defendant's unprofessional conduct and harassing collection campaign.

15. Thereafter, Defendant continuously called Plaintiff's cellular phone within a one hour period in order to force Plaintiff to answer its calls and make a payment.

16. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned attorneys regarding her rights.

17. Plaintiff has incurred costs and expenses consulting with and retaining her attorney as a result of Defendant's conduct.

18. Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c and §1692d**

24. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]he use of obscene language or language the natural consequence of which is to abuse the hearer or reader." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

25. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unprofessional conduct of berating and mocking Plaintiff during its collection campaign. Any reasonable fact will conclude that Defendant's actions were harassing and abusive as Defendant ridiculed and needlessly embarrassed Plaintiff when it attempted to collect upon the subject debt.

26. Defendant further violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff during a one hour period. This repeated behavior of systematically calling Plaintiff's phone was harassing and abusive.  The frequency and nature of Defendant's calls demonstrate that Defendant intended to harass Plaintiff. Defendant's own conduct when it spoke with Plaintiff also demonstrates that it was its goal to harass Plaintiff.

### b. Violations of FDCPA § 1692e

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10); and

4

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

29. Defendant further violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant implicitly represented that it could harass and oppress Plaintiff when it mocked and berated her. This type of behavior is explicitly prohibited by the FDCPA. Defendant's actions only served to worry and confuse Plaintiff.

30. Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) when it falsely stated that it was not a debt collector. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from enforcing her rights.

    c.  **Violations of FDCPA § 1692f**

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated §1692f by employing unfair means to collect upon subject debt from Plaintiff. Specifically, it was unfair for Defendant to ridicule Plaintiff during its debt collection campaign as this act was designed to place undue pressure on Plaintiff to make a payment.

WHEREFORE, Plaintiff, DEBORAH K. HANCHER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

5

    b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    f.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

35. Defendant is a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

36. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a.  **Violations of TDCA § 392.302**

37. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

38. Defendant violated the TDCA when it continuously called Plaintiff during a one hour period. This repeated behavior of systematically calling Plaintiff's phone was harassing and abusive. The frequency and nature of Defendant's calls demonstrate that Defendant intended to

6

harass Plaintiff. Defendant's own conduct when it spoke with Plaintiff also demonstrates that it was its goal to harass Plaintiff.

WHEREFORE, Plaintiff, DEBORAH K. HANCHER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 29, 2020                                          Respectfully submitted,

s/ Nathan C. Volheim                                            s/ Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                                Eric D. Coleman, Esq. # 6326734
*Counsel for Plaintiff*                                         *Counsel for Plaintiff*
Admitted in the Northern District of Texas                      Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                                        Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                             2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                         Lombard, Illinois 60148
(630) 568-3056 (phone)                                          (331) 307-7648 (phone)
(630) 575-8188 (fax)                                            (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                        ecoleman@sulaimanlaw.com

s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. #6323891
*Counsel for Plaintiff*
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148

7

(630) 575-8181 Ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com